# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **FRANK BETZ ASSOCIATES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 3:06-0911** |
| ) | **Judge Nixon** |
| **SIGNATURE HOMES, INC., BRIAN BURNS,** ) | **Magistrate Judge Bryant** |
| **and SIGNATURE PARTNERSHIP, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| **SIGNATURE HOMES, INC., BRIAN BURNS,** ) | |
| **and SIGNATURE PARTNERSHIP, LLC,** ) | |
| ) | |
| **Third Party Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CHRISTOPHER L. TURNER, TURNER** ) | |
| **DESIGNS, and TURNER DESIGNS, INC.,** ) | |
| ) | |
| **Third Party Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

Pending before the Court are Third Party Defendants Christopher L. Turner, Turner

Designs, and Turner Designs, Inc.'s (collectively referred to as "Turner Defendants") Motion for

Summary Judgment ("Turner Defendants' Motion"), supporting Memorandum, and Statement of

Undisputed Facts (Doc. Nos. 89, 90, & 91). Also pending are Plaintiff Frank Betz Associates,

Inc.'s ("Betz") Motion for Partial Summary Judgment ("Betz's Motion"), supporting

Memorandum, and Statement of Undisputed Facts (Doc. Nos. 111, 115, 116), and Defendants

Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC's ("Signature Defendants")

-1-

Motion for Summary Judgment ("Signature Defendants' Motion"), Brief in Support, and

Statement of Undisputed Material Facts (Doc. Nos. 112, 113, 117). For the following reasons,

Turner Defendants' Motion is **GRANTED in part** and **DENIED in part;** Betz's Motion is

**GRANTED in part** and **DENIED in part** and Signature Defendants' Motion is **DENIED**.

## I. BACKGROUND

A.     Factual Background:

Plaintiff Betz designs and markets original architectural works.[1]  At issue in this case are

11 stock single-family home plan designs ("the Betz Designs") distributed and marketed by Betz.

Betz asserts 13 counts of copyright infringement against Signature Defendants pursuant to 17

U.S.C. §§ 101, *et seq.*  Specifically, Betz alleges that Signature published, distributed, marketed,

and advertised 13 home plans based upon the Betz Designs and marketed, advertised, and sold

houses built from the Betz Designs.  Betz is seeking permanent injunctive relief, destruction of

the infringing copies, and damages (Doc. No. 56).

Previous to this lawsuit, Betz filed a Complaint against Turner Designs and Chris Turner

("Turner") alleging copyright infringement on certain home plan designs.  On May 2, 2006,

Turner and Betz entered into a Mutual Release and Settlement Agreement and the case was

dismissed with prejudice on June 9, 2006.

---

[1] Unless otherwise noted, all facts in this section are taken from Plaintiff's Responses to Defendants' Statement of Undisputed Material Facts (Doc. No. 121); Defendants' Responses to Plaintiff's Statement of Undisputed Facts in Support of Its Motion for Partial Summary Judgment (Doc. No. 123); Third Party Plaintiff's Responses to Third Party Defendant's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment (Doc. No. 98); and the Second Amended Complaint (Doc. No. 56).

B.    Procedural Background:

Signature Defendants construct and sell homes based upon residential home designs.  In response to the Betz Complaint, on August 16, 2007, Signature Defendants filed a Third Party Complaint against the Turner Defendants (Doc. No. 51).  The Third Party Complaint alleges three causes of action: (1) fraud; (2) misrepresentation; and (3) violation of the Tennessee Consumer Protection Act of 1977, relating to 11 of the 13 architectural designs ("the Turner Designs") that Signature Defendants bought from Turner.  Signature seeks indemnification for any damage award, plus costs and attorneys fees in the Betz action.

Turner Defendants filed a Motion for Summary Judgment on September 5, 2008 ("Turner Defendants' Motion") (Doc. No. 89) and the Signature Defendants filed a Response on September 25, 2008 (Doc. No. 97).  Signature Defendants also filed a Motion to Deny or Continue Motion for Summary Judgment and Request for Expedited Consideration on September 18, 2008 (Doc. No. 95) which the Court granted on September 30, 2008 (Doc. No. 99), continuing the Turner Defendants' Motion pending compliance with Signature's discovery requests.  At the May 22, 2009 pretrial conference, the parties assured the Court that the summary judgment motions had been fully briefed, therefore the Court considers the Turner Defendants' Motion here.

Plaintiff Betz filed a Motion for Partial Summary Judgment, Memorandum, and Statement of Undisputed Facts in support on December 19, 2008 (Doc. Nos. 111, 115, 116). Signature Defendants filed a Response to the Motion for Partial Summary Judgment, Responses to Plaintiff's Statement of Undisputed Facts, and a Case Law Appendix on January 16, 2009 (Doc. Nos. 122, 123, 124).  Betz filed a Reply and Supporting Declarations on January 30, 2009

-3-

(Doc. Nos. 131, 129, 130). Betz then filed a Supplemental Citation of Authority in Further Support of its Motion on June 10, 2009 (Doc. No. 171), to which Signature Defendants filed a Response on June 11, 2009 (Doc. No. 172).

Signature Defendants filed a Motion for Summary Judgment, Brief, and Statement of Undisputed Material Facts in support on December 19, 2008 (Doc. Nos. 112, 113, 117). Plaintiff Betz filed a Memorandum in Opposition, Declaration, and Response to the Statement of Undisputed Material Facts on January 16, 2009 (Doc. Nos. 119, 120, 121). Signature Defendants filed a Response in Further Support on January 30, 2009 (Doc. No. 132).

## II. STANDARD OF REVIEW

Summary judgment is appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Moses v. Providence Hosp. & Med. Ctr., 561 F.3d 573, 578 (6th Cir. 2009) (quoting FED R. CIV. P. 56(c)). A genuine issue of material fact is "evidence such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of a genuine issue of material fact as to at least one essential element of the non-moving party's case, Celotex v. Catrett, 477 U.S. 317, 322-23 (1986), and that the evidence "is so one-sided that one party must prevail as a

-4-

matter of law." Anderson, 477 U.S. at 251-52. Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. See id.

## III.    ANALYSIS

A.    Turner Defendants' Summary Judgment Motion:

On September 2, 2005, Betz filed a Complaint against Turner Designs, Inc. and Chris Turner alleging violations of the Copyright Act of 1976.[2] Turner and Betz entered into a Mutual Release and Settlement Agreement on May 2, 2006, and the case was subsequently dismissed with prejudice. On September 22, 2006, Betz filed this action against Signature Defendants. On August 16, 2007, Signature Defendants filed a Third Party Complaint against Turner Defendants alleging that Signature Defendants purchased 11 of the 13 Signature Designs from Turner ("the Turner Designs") and asserting three causes of action under Tennessee law for: (1) fraud; (2) misrepresentation; and (3) violation of the Tennessee Consumer Protection Act of 1977.[3] Signature seeks indemnification for any damage award, plus costs and attorneys fees in the Betz action. Turner Defendants bring the present Motion for Summary Judgment to dismiss all third-

---

[2] Unless otherwise noted, the facts in this section are taken from Third Party Plaintiff's Responses to Third Party Defendant's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment (Doc. No. 98) and the Third Party Complaint (Doc. No. 51).

[3] On May 27, 2008, in response to Betz's Second Amended Complaint (Doc. No. 56), Signature Partnership, LLC, as a new defendant, joined Brian Burns and Signature Homes, Inc., in filing an Amended Third Party Complaint, which is identical to the Third Party Complaint except for the addition of Signature Partnership as a third party plaintiff (Doc. No. 76).

party claims against them. For the following reasons, Turner Defendants' Motion is **GRANTED in part and DENIED in part.**

### I. Contribution and Indemnification under the Copyright Act

Turner Defendants assert that Signature Defendants' claims must be dismissed because they seek indemnification and contribution in the event of a finding of infringement for Betz. The Copyright Act does not provide for contribution or indemnification, Turner Defendants argue, therefore this Third Party Complaint should fail in its entirety. Signature Defendants argue that they have asserted state law claims only, with no claim for indemnification under the Copyright Act and no claim for contribution against Turner.

Indemnification is the process of "restor[ing] the victim of a loss, in whole or in part, by payment, repair, or replacement." Black's Law Dictionary 692 (5th ed. 1979). Contribution allows "a tortfeasor against whom a judgment is rendered . . . to recover proportional shares of judgment from other joint tortfeasors whose negligence contributed to the injury and who were also liable to the plaintiff." Id. at 297. Signature Defendants have not asserted a claim for contribution against Turner. Rather, in the Third Party Complaint, Signature Defendants pray for indemnification – the payment of any damages that may be awarded to Betz if infringement is found. Therefore the Court will only address the indemnification issue.

It is generally, if not entirely, accepted that there is no common law right of indemnification under the Copyright Act. Pure Country Weavers, Inc. v. Bristar, Inc., 410 F. Supp. 2d 439, 448 (W.D.N.C. 2006); Equity Builders & Contractors, Inc. v. Russell, 406 F. Supp. 2d 882, 886 (N.D. Ill. 2005); Lehman Bros. v. Wu, 294 F. Supp. 2d 504, 504 (S.D.N.Y. 2003); but see Foley v. Luster, 249 F.3d 1281, 1286 (11th Cir. 2001) (applying general

-6-

preemption law to common law indemnification between copyright infringers); 3-12 <u>Nimmer on Copyright</u> § 12.04 (2009) ("the question remains whether substantive law authorizes such a claim for indemnification to go forward"). The scope and limitation of indemnification are treated as questions of federal rather than state law. <u>Equity Builders</u>, 406 F. Supp. at 885.

Generally a defendant held liable under a federal statute has a right to indemnification (or contribution) only if such right arises: (1) through the explicit or implicit creation of a right of action by Congress; or (2) under federal common law. <u>Lehman Bros</u>, 294 F. Supp. 2d at 504-05 (citing <u>Texas Indust., Inc. v. Radcliff Materials, Inc.</u>, 451 U.S. 630, 638 (1981)). Although there has been no definitive Supreme Court or Sixth Circuit case on point, federal courts are reluctant to find a right of indemnification in the statutory terms of the Copyright Act or find a "limited situation" in which it is appropriate to formulate federal common law "necessary to protect uniquely federal interests." <u>Texas Industries</u>, 451 U.S. at 640; <u>Equity Builders</u>, 406 F. Supp. at 885; <u>see also</u> <u>Pure Country Weavers</u>, 410 F. Supp. 2nd at 448; <u>Lehman Bros</u>, 294 F. Supp. 2d at 505.

In the instant case, Signature Defendants assert two common law claims. Counts I and II of Signature Defendants' Third Party Complaint are for fraud and negligent misrepresentation, respectively. The Court finds that these state common law claims do not constitute the limited situation envisioned by the Supreme Court for the extension of the federal common law to support indemnification under the Copyright Act. The federal interest concerns the Copyright Act and its Constitutional directive to "secur[e] for limited Times to Authors ... the exclusive Right to their respective Writings," U.S. Const. Art. I, § 8, cl. 8; indemnification is not

-7-

"necessary" to protect this federal interest. Therefore, summary judgment as to Claims I and II is **GRANTED.**

However, third party claims for indemnification may sometimes be asserted on a statutory basis. Pure Country Weavers, 410 F. Supp. 2d at 448-49 (finding Georgia warranty against infringement statute not preempted by the Copyright Act). Signature Defendants assert a claim for indemnification based upon the Tennessee Consumer Protection Act of 1977, § 47-18-101, *et. seq*. Whether Signature Defendants' claim under the Tennessee Consumer Protection Act is preempted by the Copyright Act is a two-part inquiry. Such a state statute is preempted if: (1) the work is within the scope of the subject matter of copyright, defined at 17 U.S.C. § 102; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106. Wrench, LLC. v. Taco Bell Corp., 256 F.3d 446, 453 (6th Cir. 2001).

The Turner Designs upon which the Third Party Complaint rest are architectural works as defined in 17 U.S.C. § 102(8). As for the equivalency prong, the exclusive rights within the scope of the Copyright Act applicable to architectural works are: "(1) to reproduce the copyrighted work in copies . . .; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106. Equivalency is found where the right under state law may be abridged by an act that would, in and of itself, infringe one of the exclusive rights. Harper & Row Publishers, Inc. v. Nation Enter., 723 F.2d 195, 200 (2nd Cir. 1983). However, if an extra element, beyond reproduction, distribution, or derivative works, is required for the state law cause of action and that extra element changes the nature of the action

-8-

so that it is qualitatively different from a copyright infringement claim, then there is no preemption. Id.

The Tennessee Consumer Protection Statute is designed to "protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce." T.C.A. § 47-18-102(2) (1977). While the right protected by copyright is the right of the author to exclusive reproduction of the protected work, the right asserted here is that of fair dealing in the Signature Defendants' purchase of the alleged reproduction of the protected work. The right of a buyer is qualitatively different from the right of the author as envisioned by Congress under the Copyright Act. Therefore the Copyright Act does not preempt this cause of action. Summary judgment as to Claim III is **DENIED.**

II.    *Signature Defendants' State Law Claims Under* FED. R. CIV. P. 14(a)

Additionally, Turner Defendants assert that Signature Defendants' state law claims do not present a theory of secondary or derivative liability as required by Federal Rule of Civil Procedure 14(a). A third-party plaintiff may "assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." FED. R. CIV. P. 14(a). Signature Defendants' remaining claim under the Tennessee Consumer Protection Act arises out of same transaction or occurrence at issue in the Betz Complaint: namely the sale, and subsequent use of, allegedly infringing architectural designs. Furthermore, the Signature Defendants' claim against Turner is dependant on the outcome of the main claim. See Trane U.S. Inc. v. Meehan, 2008 U.S. Dist. LEXIS 42758 *6 (N.D. Ohio 2008) (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1446 (2d ed. 2008)). If infringement is found in the Betz action, then Signature

-9-

Defendants may be entitled to a finding on all or part of the remaining claim in the Third-Party Complaint.

### III.    The Turner Defendants/Betz Settlement Agreement

Alternatively, Turner Defendants assert that The Mutual Release and Settlement Agreement ("Settlement Agreement") executed by Turner and Betz on May 2, 2006 protects the Turner Defendants from contribution upon a finding of infringement by Signature Defendants. In support of this, Turner Defendants cite language in the Settlement Agreement under which Betz released Turner "from any and all debts, claims, demands, liabilities, assessments, actions or causes of action, whether in law or in equity, whether direct or indirect," (Doc. No. 91, Ex. A at 1), and Tennessee Code Annotated § 29-11-105 which governs contribution among tortfeasors. In relevant part, section 29-11-05 states:

> When a release or covenant not to sue or not to enforce judgment is given in good faith to one (1) of two (2) or more persons liable in tort for the same injury or the same wrongful death: . . . (2) It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor.

Signature Defendants, however, have asserted no claim of contribution, see discussion *supra*. Furthermore, the General Provisions of Tennessee's Contribution Among Tort-Feasors Code specifically preserves the right of indemnity, as distinct from contribution. Tenn. Code Ann. § 29-11-102 ("This chapter does not impair any right of indemnity under existing law.").

For the above reasons, Turner Defendants' Motion is **GRANTED in part and DENIED in part.**

### B.    Betz's Motion for Partial Summary Judgment

Plaintiff Betz filed a Motion for Partial Summary Judgment on the following issues: (1) that Betz owns valid copyrights in 11 home plan designs – The Aldridge, The Brewster, The Broadmoor, The Buckingham, The Ethridge, The Garmon, The Holland, The Laredo, The Michelle, The Sacramento, and The Tuscany (the "Betz Designs"); (2) that Signature Defendants and Turner had access to the Betz Designs; (3) that the allegedly infringing plans of Signature Defendants are, as a matter of law, substantially similar to corresponding Betz Designs; that no evidence supports a defense of independent creation; that no evidence supports the remaining affirmative defenses of Signature Defendants; and that Brian Burns is individually liable for infringement (Doc. No. 111). Signature Defendants oppose this Motion (Doc. Nos. 122, 123, 124). For the following reasons, Betz's Motion is **GRANTED in part** and **DENIED in part**.

## I.    Copyright in Architectural Works

The Copyright Act protects original works of authorship fixed in a tangible medium of expression, including architectural works. 17 U.S.C. § 102(a) (1990). Before the 1990 Amendment to the Copyright Act, architectural plans received very minimal protection as "pictorial, graphic, and sculptural works" subject to the "useful article doctrine," 1-2 <u>Nimmer on Copyright</u> § 2.08, and architectural buildings that served a utilitarian purpose, such as houses, received no protection. <u>Id.</u> at § 2.20. The 1990 Amendment to the Copyright Act, also called the Architectural Works Copyright Protection Act, added a new category of protectible "architectural works" defined as:

> the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features.

-11-

Id. (citing 17 U.S.C. § 101). While standard features are not protected, "the creator's independent selection and arrangement of component parts into an overall, original design" may be protected. 1-2 Nimmer § 2.20 (internal citation omitted). The expressions "overall form" and "standard features" are designed to give the court guidance "regarding the nature of the protected matter" in what must be an ad hoc extent of protection analysis. Id. (citing H.R. Rep. No. 101-735, 101st Cong., 2d Sess. 21 (1990)). Architectural works created on or after December 1, 1990, qualify for this protection. Id.

The owner of a copyright has the exclusive right to, among other rights not applicable here: (1) reproduce the copyrighted work; (2) prepare derivative works; (3) distribute copies of the work; and (4) publically display the work. 17 U.S.C. § 106. To bring a claim of infringement of any of these exclusive rights, a plaintiff must demonstrate both "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." Stromback v. New Line Cinema, 384 F.3d 283, 293 (6th Cir. 2004) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). To start, Plaintiff must demonstrate ownership of a valid copyright. To prove the second prong of the Feist/Stromback infringement analysis, the plaintiff must first show copying. As is often the case, when there is no direct evidence of copying, plaintiff may establish an inference of copying by showing: "(1) access to the allegedly-infringing work by the defendant(s) and (2) a substantial similarity between the two works at issue." Kohus v. Mariol, 328 F.3d 848, 854 (6th Cir. 2002). Access is defined as "having a reasonable opportunity to [view] the plaintiff['s] work and thus having the opportunity to copy." Stromback, 384 F.3d at 293. The Sixth Circuit has adopted a two-part test for substantial similarity: (1) "identifying which aspects of the artist's work, if any, are protectible by

-12-

copyright"; and (2) "determining whether the allegedly infringing work is 'substantially similar' to the protectible elements of the artist's work." Id. at 294.

As to prong one of the substantial similarity analysis - what is protectible - architectural works, as their own subject matter category under the Copyright Act, are unique. While no longer hindered by the physical or conceptual separability test of pictorial, graphic, and sculptural works, Courts must weigh function when considering architectural works infringement. See 1-2 Nimmer § 2.20 (the legislative history affords protection for architectural works only when the design elements are not functionally required). The Legislative History of the 1990 Amendment sets forth a two part functionality test: (1) determine whether there are original design elements present, including overall shape and interior architecture; if so, (2) examine whether the design elements are functionally required. Non-functionally required elements will be protected without considering physical or conceptual separability. Id. at n.29. After establishing the protectible elements of an architectural work, if any, the Court then moves to the second prong of the substantial similarity test, examining if "the ordinary, reasonable observer would find the works, taken as a whole, to be substantially similar." Stromback, 384 F.3d at 294.

A.    Ownership

Betz moves for summary judgment on the issue of ownership for all 11 of the Betz Designs. A claim of infringement requires a showing of ownership of a valid copyright. Stromback, 384 F.3d at 293. Betz asserts that the copyright registration documents attached to the Second Amended Complaint as Exhibits 1 through 11 constitute prima facie evidence of ownership of a valid copyright. Signature Defendants maintain that the Exhibits are instead incomplete and inaccurate depictions of the material deposited with the Copyright Office. In the

-13-

alternative, Signature argues that certificates of registration constitute prima facie evidence of ownership only if made before or within five years after first publication of the work, allegedly drawing into question the validity of the copyright in two designs, The Aldridge and The Holland. Similarly, Signature Defendants argue that The Holland and The Laredo designs are derivative of The Amsterdam design, a design registered before the effective date of the 1990 Amendment, and therefore, if valid, only protectible as pictorial, graphic, and sculptural works, with no extension of protection to the construction of buildings based upon those plans.[4] If The Holland and The Laredo are derivatives of The Amsterdam, Signature argues, copyright protection extends only to the new elements not present and not disclosed in The Amsterdam copyright registration. For the following reasons, Betz claim of ownership of valid copyrights in the 11 Betz Designs is **GRANTED.**

> I.     *The Copyright Registration Materials*

Copyright registration certificates constitute prima facie evidence of the facts stated therein. 17 U.S.C. § 410(c)(1990); Monogram Models, Inc. V. Industro Motive Corp., 448 F.2d 284, 286 (6th Cir. 1971) (citing Nimmer, § 139.1-2). Betz attached copyright certificates for each of the 11 Betz Designs at issue to its Second Amended Complaint as Exhibits 1 through 11 (Doc. No. 56). To those certificates, Betz appended a representative rendering of the floor plan referenced. (Id.). Betz has also presented the sum of materials submitted to the Copyright Office, including working drawings and pages from the Betz home plan magazine, "HOMEPLANS for Today's Market." (Declaration of Laura Segers, Doc. No. 129, Exs. A-P).

---

[4] The Amsterdam design is not one of the Betz Designs allegedly infringed in this action.

-14-

In considering a Motion for Summary Judgment, the Court examines "the pleadings, the discovery and disclosure materials on file, and any affidavits" to determine if there is a genuine issue material fact. FED. R. CIV. PRO. 56(c). Betz's failure to submit a complete inventory of registration materials with its Complaint is not dispositive. The Court finds no genuine issue of fact here: Betz has established prima facie evidence of a valid copyright in these designs.

Signature Defendants argue that The Holland and The Aldridge copyright registrations are not valid because the registration date of the copyright did not fall within five years after first publication of the works. Title 17, section 410(c) states:

> [i]n any judicial proceeding, the certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.

The Aldridge design was first published in August 1992 and registered in December 1998, a difference of six years and four months. (Doc. No. 56, Ex. 1). The Holland design was first published in February 1994 and registered in April 2000, a difference of six years and one month. (Id. at Ex. 7). The Court finds that the difference between five years and six years is not significant enough to undermine the presumption of validity of these copyright registrations.

### ii. Derivative Works

Signature Defendants further argue that The Holland and The Laredo are derivatives of The Amsterdam design, yet Betz has offered no proof that these works should qualify for derivative work status. A derivative work is "a contribution of original material to a pre-existing work so as to recast, transform or adapt the pre-existing work," 1-3 <u>Nimmer</u> § 3.03. Without such proof, the copyrights are invalid. In evaluating the transformation of an original into a

-15-

derivative work, "the necessary *quantum* of originality is that of a 'distinguishable variation' that is more than 'merely trivial.'" Id.  For the purposes of ownership, Betz is allowed to rest on the prima facie evidence of the copyright registrations and the facts contained therein. See 17 U.S.C. § 410(c).  The copyright registrations state that The Holland and The Laredo are derivative of The Amsterdam.  Signature Defendants have submitted a representative copy of The Amsterdam design in order to establish a lack of originality. (Doc. 123, Ex. D).  Betz submitted the Deposition Testimony of Russell W. Moody, a former designer at Betz Associates, detailing the evolution of The Amsterdam to The Gleason design (also not at issue in this litigation) to The Holland and The Laredo. (Doc. No. 131, Ex. I).  Moody testified to the addition of a bonus room from The Amsterdam to The Holland and The Laredo and a change in the facade, trim, elevation and roof lines between The Holland and The Laredo. (Id.).  These changes are more than merely trivial.  The Holland and The Laredo both constitute valid derivative works copyrights.

Signature Defendants argue that because The Amsterdam was registered before the 1990 Amendment, and therefore its protection as a pictorial, graphic, or sculptural work does not extend to constructed houses, its derivatives are similarly not protected from construction of houses that infringe copyrighted plans.  Also they argue that any protection afforded to these derivatives extends only to the new material contained in the derivative work.  It is true that a derivative work copyright protects only the new material contained in the derivative work. 1-3 Nimmer § 3.04.  It is also true that architectural plans registered before 1990 are protected only as pictorial, graphic, or sculptural works and their protection does not extend to copying of the three-dimensional building as opposed to the plans themselves. See discussion *supra*.  However, the copyright in a derivative work is "independent of, and does not affect or enlarge the scope of .

-16-

. . any copyright protection in the pre-existing material." 17 U.S.C. § 103(b)(1990). The

Holland and The Laredo copyrights were registered in April 2000 and July 2000, respectively.

(Doc. No. 56, Exs. 7, 8). The scope of copyright protection afforded to their original aspects

exists independent of The Amsterdam underlying copyright, and is a question of fact for the jury

to determine.

Therefore, summary judgment on the issue of the ownership of a valid copyright on the

11 Betz Designs is **GRANTED.**

B.      *Access*

To prove infringement of a valid copyright, Betz must show that copying occurred.

Stromback, 384 F.3d at 293. As discussed *infra*, when there is no direct evidence of copying,

Betz may establish an inference of copying by showing access and substantial similarity. Kohus,

328 F.3d at 854. Access is defined as "having a reasonable opportunity to [view] the plaintiff['s]

work and thus having the opportunity to copy." Id.

Betz argues that Signature Defendants had access to the Betz Designs via the Betz

website, as well as home builder shows. Additionally, Betz contends that Signature purchased 11

of the 13 allegedly infringing designs from Turner, who has admitted access to Betz's plans via

its website and magazines, and stated that he could produce working drawings from that

publically-available information. In response, Signature argues that Betz should prove access to

construction drawings, not house plans. Further, Signature asserts that access must be proven not

as to Signature or Turner, but as to the Signature clients who brought sketches to Turner to create

the allegedly infringing designs ("Turner Designs"). Signature also maintains that four designs,

The Jacob/Avant/Denise (all based on the same original design) and The Jennie, were copied by

-17-

Turner and Defendant Brian Burns, respectively, from existing homes and that Betz has offered no evidence of its proprietorship over the copyright of those homes. For the following reasons, summary judgment on the issue of access is **DENIED**.

First, the Court does not agree that Betz must show access to construction drawings versus architectural plans as depicted on the Betz website or builder show booth materials. The subject matter "architectural works" covered under the Copyright Act includes, "the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings." 17 U.S.C. § 101. The plans, as expressed in the Betz publically-available materials, fall within this category.

Secondly, as to the four designs allegedly copied by Burns and Turner from pre-existing houses – the Jacob/Avant/Denise and The Jennie – Betz has not met its burden to show access, i.e. that Burns and Turner had reasonable opportunity to walk through a Betz house and copy it. (see Doc. No. 131, Exs. A, B). There remains a genuine issue of material fact as to the Signature Defendants' access to these four designs, therefore summary judgment is **DENIED** as to them.

Finally, there remains a genuine issue of material fact regarding the origins of the remaining plans. Although the Signature Defendants originally claimed that Chris Turner created those plans, they now point to Turner's testimony that Signature clients brought in sketches for the allegedly infringing designs. (Compare Doc. No. 131, Ex. A, Response to Interrogatory No. 13, with Doc. No. 122 at 3, 10). The origin of the plans dictates the access inquiry. Therefore, summary judgment on access to the remainder of the plans is **DENIED**.

      C.    *Substantial Similarity*

-18-

The second prong of the copying inquiry is substantial similarity. This requires identification of the protectible aspects of the copyrighted work, then a determination of whether the allegedly infringing work is substantially similar to the protectible aspects of the copyrighted work. Stromback, 384 F.3d at 294. For architectural works, identifying the protectible aspects of the work requires a two part functionality test to: (1) determine whether there are original design elements present, including overall shape and interior architecture; and, if so, (2) examine whether the design elements are functionally required. 1-2 Nimmer §2.20 at n.29.

Betz does not seek summary judgment on the issue of substantial similarity for Signature Defendants' Matthew plan. (Doc. No. 115, at 8 n.19).

Plaintiff has the burden to demonstrate substantial similarity. Stromback, 384 F.3d at 293. As to the remaining designs, Betz has submitted a "Comparison of Home Plans: Betz/Signature Defendants" comprised of drawings of Betz designs juxtaposed to photographs of Signature homes, comparison elevations, and comparison floor plans, although not every alleged infringing design has all three comparison documents. (Doc. No. 115, Exs. A, B). The allegedly infringing plan pairs are as follows, with the Betz Design listed first, then the Signature:

1. Aldridge/Angela

2. Garmon/Jessica

3. Michelle/Nixon

4. Buckingham/Jennie

5. Brewster/Kyla

6. Tuscany/Michael

7. Sacramento/Graham

-19-

8.       Ethridge/Christina

9.       Holland/Avant

10.      Holland/Denise   ·

11.      Laredo/Jacob

To analyze substantial similarity, the Court must first identify the protectible aspects of the work by determining whether there are original design elements present, including overall shape and interior architecture. 1-2 Nimmer §2.20 at n.29.

There is little case law in this Circuit to guide a Court in determining what, if any, are the original design elements of an architectural plan. See Tiseo Architects, Inc. v. B & B Pools Service & Supply Co., 495 F.3d 344, 347 (6th Cir. 2007) (after a bench trial, Court determined that differences in materials used, roof line, windows did not amount to substantial similarity for a commercial building); also see, La Resolana Architects, PA, v. Reno, Inc., 555 F.3d 1171, 1179 (10th Cir. 2009) (finding no striking similarity of house plans in which differences in the kitchen area, living area, master bath and roof slope, placement of doors, placement of plumbing, placement of door openings affected the "traffic flow and articulation of space."); Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1225-27 (11th Cir. 2008) (substantial similarity between two condominium towers not established by alternating convex/concave concept, elevator towers, rounded building ends, constant radius curves, holes, a twin tower design, see-through floor plans, a circular plaza, a central fountain, and a rooftop pool); T-Peg, Inc., et al. v. Vermont Timber Works, Inc., et al., 459 F.3d 97, 113-14 (1st Cir. 2006) (a reasonable jury could find substantial similarity between two log frame houses based upon building footprint and dimensions, kitchen "bump-out," central switch-back staircase and

-20-

framing posts, lofted second floor in the same place with same dimensions, roof pitch and dimensions, plate wall height, building wing placement, and the "particular combination of elements").

However, the Legislative History of the 1990 Amendment indicates that standard features not contemplated for protection under the definition of architectural works include "common windows, doors, or other staple building components." H.R. Rep. No. 101-735 (1990). "[T]he arrangement and composition of spaces and elements in the design," including interior architecture, however, may qualify as an original design element. Id. The following original design elements are present in the Betz Designs:

1. Aldridge/Angela: the arrangement and composition of space within the house, including the kitchen, breakfast, dining room in an L-shape on the right surrounding the garage, the angles of the kitchen, garage, and laundry room, and the placement and shape of the stairwell;

2. Garmon/Jessica: the arrangement and composition of space within the house, including the placement of a bathroom between the kitchen and the garage, adjacent to the pantry and washer/dryer position off the dining room;

3. Michelle/Nixon: the arrangement and composition of space within the house, including the arrangement of master bathroom features, the fourth bedroom/study on the first floor behind the kitchen, and the second floor bedrooms placement and traffic flow;

-21-

4. Buckingham/Jennie: the arrangement and composition of space within the house, including the stairwell overlook and second floor bathroom placement vis-a-vis bedrooms two and three;

5. Brewster/Kyla: the arrangement and composition of space within the house, including angles of the kitchen countertops, coat closet placement, the arrangement of space among the dining room, kitchen, and family room;

6. Tuscany/Michael: the arrangement and composition of space within the house, including kitchen orientation and office nook, as well as laundry room placement on the second floor;

7. Sacramento/Graham: the arrangement and composition of space within the house, including the second and third bedroom configuration on the first floor separated by a bathroom and coat closet, traffic flow between the great room, dining room, and foyer with arched openings and the hall;

8. Ethridge/Christina: the arrangement and composition of space within the house, including the placement of all three bedrooms along the right side of the house and the non-square garage.

9. Holland/Avant: the arrangement and composition of space within the house, including the placement of the breakfast, kitchen, dining room along the left side of the first floor, and the T-shaped bedrooms two and three configuration on the second floor.

10. Holland/Denise: same original design elements as listed above for the Holland.

11. Laredo/Jacob: the arrangement and composition of space within the house, including second floor bedrooms to open space ratio.

While the inclusion of a kitchen, great room, or upstairs bedroom – all standard features of a home – would not qualify for copyright protection, these 11 house designs display original design elements in the way that their standard features are arranged.

The second prong of the substantial similarity test for architectural works is an examination of whether the design elements are functionally required. See 1-2 Nimmer §2.20 at n.29. In order to reach substantial similarity, Plaintiff Betz here has the burden of showing that the original design elements are not functionally required. Neither the 1990 Amendment to the Copyright Act nor its Legislative History defines "functionally required." However, the Court must consider functionality here in order to protect expression rather than grant a monopoly on ideas. See Nichols v. Universal Pictures, Corp., 45 F.2d 119, 121 (2nd Cir. 1930) (J. Hand). Plaintiff Betz submitted evidence regarding market and construction demand considered by its employees when designing houses as a general matter (See Deposition of Eric H. Taylor, Doc. No. 111, Ex. C), as well as evidence that the sizing of a room could be a functional, aesthetic, or construction-based choice, or the result of a combination of these influences (See Deposition of J. Patrick Rand, Doc. 131, Ex. E). Betz also presented evidence that computer software programs can affect the layout of houses. (See Deposition of Frank Edwards, Doc. No. 131, Ex. H). However, Betz has not met its burden to show which individual original design elements are functionally required. Therefore summary judgment as to functionality is **DENIED** and the Court will not reach the question of overall "substantial similarity" under the ordinary observer test.

-23-

Signature Defendants also moved for summary judgment on the issue of functionality (Doc. Nos. 112, 113, 117, 132) and their arguments, along with Plaintiff's response (Doc. No. 119, 120, 121) will be considered in a separate section, *infra*.

## II.    The Signature Defenses

### A.    Independent Creation

Betz requests summary judgment on the defense of independent creation as to all the Betz Designs except The Matthew.  Once a plaintiff has made a prima facie case of copying, the defendant may then defeat a finding of infringement by establishing evidence of independent creation.  Jones v. Blige, 558 F.3d 485, 493 (6th Cir. 2009); 3-12 Nimmer § 12.11.

Plaintiff Betz has not yet satisfied the prima facie case of infringement.  However, even if Betz had established infringement, a genuine issue of material fact remains as to the origins of the Betz Designs.  While Betz asserts that all the designs are infringing copies, Defendant Burns contends that he designed The Jennie based upon a pre-existing house (See Doc. No. 115, Ex. I); Turner maintains that The Jacob/Denise/Avant plan was based upon drawings he created for another client from a built house (See Doc. No. 115, Ex. D).  As to the rest of the plans at issue, there remains a question as to the provenance of the original sketches.  (Compare Doc No. 131, Ex. A, Response to Interrogatory No. 13, with Doc. No. 122 at 3, 10).  Therefore, summary judgment as to the defense of independent creation is **DENIED**.

### B.    Statute of Limitations

Plaintiff Betz moves for summary judgment on the defense of statute of limitations.  Betz filed this suit in September, 2006, three months after receiving the letter from Turner naming Signature Defendants as potential infringers. (Doc. No. 115, Ex. G).  Signature Defendants argue

-24-

that any infringement claims on houses built by Signature prior to September 2003 should be barred, regardless of Betz's knowledge of such infringement.

The Copyright Act requires that civil actions be commenced within three years after the claim accrues. 17 U.S.C. § 507(b) (1998); 1-12 Nimmer § 12.05. The Circuit Courts have developed both a "discovery rule," allowing a copyright holder to file suit within three years of discovering the infringement, (see Polar Bear Prod., Inc. v. Timex Corp., 384 F.3d 700 (9th Cir. 2004)), and an "injury rule," precluding suits filed three years after the infringing act, (see Auscape Int'l v. Nat'l Geographic Soc'y, 409 F. Supp. 2d 235 (S.D.N.Y. 2004)). The Sixth Circuit has adopted the discovery rule. See, e.g., Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 390 (6th Cir. 2007); Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615, 621 (6th Cir. 2004). Betz filed suit within several months of discovery of the alleged infringement, therefore summary judgment as to the defense of statute of limitations is **GRANTED**.

C.    <em>Laches</em>

Betz also seeks summary judgment on the defense of laches. Laches has been found to bar copyright infringement claims when delay for an unreasonable period of time causes prejudice to the defendant. See Chirco v. Crosswinds Cmtys., Inc., 474 F.3d 227, 233-34 (6th Cir. 2007), cert. denied, 127 S. Ct. 2975 (2007). The three months delay between discovery here and the filing of the suit does not rise to the level of prejudice sufficient to warrant the equitable bar of laches. See Chirco, 474 F.3d at 234-36 (delay of 18 months after notice of infringement, combined with the extreme relief requested warranted application of laches). Therefore summary judgment is **GRANTED**.

-25-

D.    *Innocent Infringer Defense*

Betz seeks summary judgment on the defenses of mistake and good faith. Signature

Defendants have asserted that they bought 11 of the 13 designs at issue from Third-Party

Defendant Turner and have subsequently sued him for indemnification. (Doc. No. 76). There is

no innocent infringer defense to copyright infringement. See 4-13 Nimmer § 13.08. However,

innocent intent can bear on the Court's discretion in awarding damages. 17 U.S.C. § 504(c)(2)

(2004). Therefore, summary judgment as to mistake and good faith is **DENIED**.

E.    *Betz/Turner Settlement Agreement*

Betz requests summary judgment as to Signature's defenses of estoppel and unclean

hands. Signature argues that the Mutual Release and Settlement Agreement between Turner and

Betz ("Settlement Agreement") released Turner from all claims, direct or indirect, and that Betz's

suit against Signature is in actuality an indirect suit against Turner, because it created a

foreseeable indemnification action. Paragraph 2 of the Settlement Agreement states:

> Betz . . . hereby releases and forever discharges Turner together with his/its
> respective heirs, successors, assigns, predecessors, owners, employees, insurers,
> attorneys and other legal representatives from any and all debts, claims, demands,
> liabilities, assessment, actions or causes of action, whether in law or in equity,
> whether direct or indirect, whether asserted or unasserted, whether presently known
> or unknown, which Betz had, now has, and/or may have had against Turner from the
> beginning of time to the date of its execution of this Agreement.

(Doc. No. 115, Ex. F).

Courts are to interpret and enforce contracts as written, according to their plain terms.

Warren v. Metro. Gov't of Nashville, 955 S.W.2d 618, 622-23 (Tenn. App. 1997). Under

Tennessee law, contract language is ambiguous if it is "susceptible of more than one reasonable

interpretation." Roy v. Bledsoe Cmty. Hosp. Inc., 61 Fed. Appx. 930, 934 (6th Cir. 2003)

-26-

(internal citations omitted). A contract is ambiguous only when "it is of uncertain meaning and may fairly be understood in more ways than one." Warren, 955 S.W.2d at 623. Ambiguity does not arise "merely because the parties may differ as to interpretations of certain of its provisions." Roy, 61 Fed. Appx. at 934.

Turner's customers, here Signature Defendants, do not fall within the plain meaning of the entities covered by the Settlement Agreement: Turner's "respective heirs, successors, assigns, predecessors, owners, employees, insurers, attorneys and other legal representatives." (See Doc. No. 115, Ex. F). The Settlement Agreement also shows no evidence of an intent to benefit a third party. See Restatement (Second) Contracts § 302. In fact, at Paragraph 11 the Settlement Agreement directs Turner to name other potentially infringing parties, presumably those to whom he sold the designs at issue in the Agreement: "Turner agrees to cooperate with Betz concerning, and provide Betz any information he/it has concerning, any use, copying, or infringement of Betz plans by any other person." (Doc. No. 115, Ex. F). The terms of the Settlement Agreement are not ambiguous – Signature Defendants are not a contemplated beneficiary. Therefore, summary judgment is **GRANTED** on the defenses of estoppel and unclean hands.

### F.    Remaining Affirmative Defenses

Betz also moves for summary judgment as to all remaining affirmative defenses asserted by Signature Defendants in their Answer. It is true that defendants bear the burden of proof on all affirmative defenses. 3-12 Nimmer § 12.11. While the moving party seeking summary judgment on an issue for which it does not bear the burden of proof at trial may meet its initial burden by showing an absence of evidence to support the nonmoving party's case, White v. Baxter Healthcare, Corp., 533 F. 3d 381, 389 (6th Cir. 2008), Plaintiff has not satisfied even this

Case 3:06-cv-00911   Document 176   Filed 07/13/09   Page 27 of 30 PageID #: 2893

burden as to the remaining affirmative defenses. Therefore summary judgment as to those defenses is **DENIED**.

### III. Brian Burns's Individual Liability

Betz argues that summary judgment should be granted as to Brian Burns's vicarious liability for the alleged infringement. Vicarious liability for copyright infringement may be found if the defendant: (1) had the right and ability to supervise the infringing conduct; and (2) had an "obvious and direct financial interest in the exploitation of the copyrighted materials." 3-12 Nimmer § 12.04(A)(2). However, because Betz has not met its burden to prove copyright infringement, see discussion *supra*, the Court considers a ruling on Burns's individual liability to be premature. Summary judgment as to this question is **DENIED.**

For the above reasons, Betz's Motion for Partial Summary Judgment is **GRANTED in part** and **DENIED in part**.


### C. Signature Defendants' Motion for Summary Judgment

Signature Defendants moved for summary judgment alleging that Betz's designs are purely functional and therefore not subject to copyright infringement (Doc. Nos. 112, 113, 117, 132). Betz opposes this Motion (Doc. Nos.119, 120, 121). For the following reasons, Signature Defendants' Motion is **DENIED**.

As discussed above, to establish copyright infringement, a plaintiff must show that protected aspects of a work have been copied. See Stromback, 384 F.3d at 293. Signature Defendants argue that Betz's designs are purely functional and therefore not protected. To determine the "substantial similarity" of architectural works, a Court must decide: (1) whether

-28-

there are original design elements present, including overall shape and interior architecture; and, if so, (2) examine whether the design elements are functionally required. Non-functionally required elements will be protected without considering physical or conceptual separability. <u>See</u> 1-2 <u>Nimmer</u> § 2.20 at n.29. While neither the Copyright Act nor its Legislative History defines "functionally required," the Court must distinguish between what is an idea versus a protected expression. <u>See</u> <u>Nichols</u>, 45 F.2d at 121. According to the Legislative History, "[e]vidence that there is more than one method of obtaining a given functional result may be considered in evaluating . . . the scope of protection." H.R. Rep. No. 101-735 (1990).

Signature Defendants have submitted evidence of the multiple considerations inherent in the creation of the Betz Designs: market factors based on trends; consumer and builder preferences; physical and financial construction limitations; internal Betz Associates priorities, including efficient use of space and distinctive style. (See Deposition of Frank H. Betz, Doc. No. 117, Ex. 1 ("Betz Depo."); Deposition of Russell W. Moody, Doc. No. 117, Ex. 2 ("Moody Depo."). Some aspects of the Betz Designs are purely functional, for example, connecting the dining room and the kitchen to ease preparation and service of food (See Betz Depo. at 42; see also, Deposition of Charles A. Stewart, Doc. No. 117, Ex . 3; Excerpts from 30(b)(6) Deposition Transcript of Frank Betz Associates, Inc., Doc. 119, Ex . H ("30(b)(6) Depo.")). However, other evidence has been offered that contradicts the assertion that these designs are purely functional – the placement of stairs in the foyer close to the front door because "people wanted to come in and see a nice tall foyer" (See Betz Depo. at 40; see also, Moody Depo.; 30(b)(6) Depo.; Declaration of James Patrick Rand, Doc. No. 119, Ex . M). Therefore, the Court finds a genuine issue of

-29-

material fact remains as to which elements of the 11 Betz Designs are functional and therefore not protectible. Summary judgment is therefore **DENIED.**

## V. CONCLUSION

For the foregoing reasons, Turner Defendants' Motion is **GRANTED in part** and **DENIED in part;** Betz's Motion is **GRANTED in part** and **DENIED in part** and Signature Defendants' Motion is **DENIED**.

It is so ORDERED.

Entered this _____13th_____day of July, 2009.


_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

-30-