IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANK BETZ ASSOCIATES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SIGNATURE HOMES, INC., BRIAN BURNS, ) <br> and SIGNATURE PARTNERSHIP, LLC, ) <br> ) <br> Defendant. ) <br> ) <br> SIGNATURE HOMES, INC., BRIAN BURNS, ) <br> and SIGNATURE PARTNERSHIP, LLC, ) <br> ) <br> Third Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER L. TURNER, TURNER ) <br> DESIGNS, and TURNER DESIGNS, INC., ) <br> ) <br> Third Party Defendants. ) | No. 3:06-0911 <br> Judge Nixon <br> Magistrate Judge Bryant |

## ORDER

Pending before the Court is Defendants Brian Burns, Signature Homes, Inc., and Signature Partnership, LLC's (collectively "Defendants") Motion in Limine I (Doc. No. 145) and Memorandum in Support (Doc. No. 146) ("Defendants' Motion"). Plaintiff Frank Betz Associates, Inc. ("Plaintiff") filed a Memorandum in Opposition. (Doc. No. 157). Defendants seek to exclude any evidence on the issues of: (1) whether houses sold by Defendants more than three years prior to the filing date of this lawsuit infringe on valid copyrights owned by Plaintiff; and (2) the amount of damages Plaintiff may be entitled to recover from the sale of said houses. For the following reasons, Defendants' Motion is **DENIED**.

Copyright infringement actions must commence within three years after the claim "accrues." 17 U.S.C. § 507(b) (1998); 1-2 Nimmer § 12.05. The Copyright Act does not define "accrues." See 17 U.S.C. § 101. While one Circuit Court follows an "injury rule," determining the statute of limitations period from the moment of the infringing act, (see Auscape Int'l v. Nat'l Geographic Soc'y, 409 F. Supp. 2d 235 (S.D.N.Y. 2002)), most Circuits follow the "discovery rule," allowing copyright holders to file suit within three years of discovering the infringement. See, e.g., Polar Bear Prod., Inc. v. Timex Corp., 384 F.3d 700 (9th Cir. 2004). The Sixth Circuit follows the discovery rule. See, e.g., Roger Miller Music, Inc. v. Sony/ATV Publ'g LLC, 477 F.3d 383, 390 (6th Cir. 2007); Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615, 621 (6th Cir. 2004).

Betz filed suit in September, 2006, three months after first learning of Signature Defendants' potential infringement from a letter received from one of the Third Party Defendants in this case, Christopher Turner. (Doc. No. 1; Doc. No. 115, Ex. G). Three months falls well within the three year time frame established by the Copyright Act and Sixth Circuit precedent.

In its Motion for Partial Summary Judgment, Plaintiff Betz moved for a ruling as a matter of law on Signature's statute of limitations defense. (Doc. No. 115). This Court granted summary judgment for Plaintiff on this defense. (Doc. No. 176). Signature Defendants seek to re-litigate the issue here. For the foregoing reasons, Signature Defendants' Motion is **DENIED**.

It is so ORDERED.
Entered this ___17___ day of July, 2009.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT